Filed 11/15/13  P. v. Pinkins CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY LYNN PINKINS,<br><br>    Defendant and Appellant. | D063151<br><br><br><br>(Super. Ct. No. SCD233159) |


APPEAL from a judgment of the Superior Court of San Diego County, Leo Valentine, Jr., Judge.  Affirmed.


Neil F. Auwarter, under appointment by the Court of Appeal, for the Defendant and Appellant.

Kamala D. Harris, Attorney General, for the Plaintiff and Respondent.

Anthony Lynn Pinkins pleaded guilty to two counts of second degree burglary. (Pen. Code,[1] § 459.)  In exchange, the People dismissed a charge of failure to appear after release on one's own recognizance.  (§ 1320, subd. (b).)  The court sentenced Pinkins to a stipulated prison term of 16 months, to run consecutively to another prison term he was serving.  The court ordered him to pay restitution fines of $240 each under sections 1202.4, subdivision (b) and 1202.45.  Pinkins appeals.  We affirm.

Appointed counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to possible but not arguable issues of whether:  (1) the trial court erred in stating that because he was already serving a consecutive strike sentence in a prior case, he was entitled to only 20 percent credit for time served in prison against the newly imposed nonstrike sentence; (2) the limitation on credit for time served in prison was part of the plea bargain and, if so, whether estoppel applies, and what effect the lack of a certificate of probable cause had; (3) whether the court properly denied him dual credits for presentence custody under section 4019 on grounds that during presentence custody he was also serving prison time and receiving credits against that earlier case; (4) his guilty plea was constitutionally invalid; (5) the court properly denied his motion filed pursuant to *People v. Marsden* (1970) 2 Cal.3d 118; and (6) the court violated the federal Constitution's bar against ex post facto

---

[1]     All statutory references are to the Penal Code.

punishment when it failed to make a finding of his ability to pay the restitution fines under sections 1202.4, subdivision (b) and 1202.45.

We granted Pinkins permission to file a brief on his own behalf. He has not responded. Our review of the entire record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel and the circumstances surrounding the court's taking of the plea, has disclosed no reasonably arguable appellate issues. Competent counsel has represented Pinkins on this appeal.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.

3